# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JERRY PETERSON, as parent and guardian for T.P., a minor | No. 48828-1-II |
| Appellant, | |
| v. | |
| THE STATE OF WASHINGTON, by and through its various state agencies and subdivisions, including DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and DIVISION OF CHILDREN AND FAMILY SERVICES, and CHILDREN'S PROTECTIVE SERVICES, and CHILDREN'S WELFARE DIVISION, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, J. — Jerry Peterson, as guardian for TP, appeals the superior court's partial summary judgment order dismissing his claims against the Department of Social and Health Services (DSHS). In granting the motion, the superior court ruled that DSHS did not owe a common law duty based on a special relationship to protect TP from abuse by her foster parents.

While this appeal was pending, our Supreme Court decided *H.B.H. v. State* and held that "[u]nder well-established common law tort principles, DSHS owes a duty of reasonable care to protect foster children from abuse at the hands of their foster parents." 192 Wn.2d 154, 159, 429 P.3d 484 (2018). Accordingly, we hold that the superior court erred in granting partial summary

judgment dismissal of the common law negligence claims[1] and we reverse and remand for further proceedings consistent with this opinion.

## FACTS

In March 2014, Peterson as guardian of TP filed a complaint for damages against DSHS. The complaint alleged negligent investigation resulting in TP's removal from her father's home and placement into foster care, common law negligence based on a duty to protect TP from abuse by her foster parents the Halls, and negligent infliction of emotional distress.

DSHS filed a motion for summary judgment on the claims of negligent placement and negligent infliction of emotional distress. The superior court granted DSHS's partial motion for summary judgment and dismissed Peterson's claims.

In September 2017, this court sua sponte issued a stay of this appeal pending the Supreme Court's decision in *H.B.H.* In November 2018, the Supreme Court issued its decision in *H.B.H.* In January 2019, we lifted the stay and stated that the parties could file supplemental briefing addressing the effect of *H.B.H.* on this appeal. Both parties filed supplemental briefing agreeing that *H.B.H.* controls in this case.

## ANALYSIS

Peterson argues that the superior court erred in granting partial summary judgment and dismissal of the negligence claims because (1) DSHS owes TP a common law duty of care to

---

[1] Because we reverse the superior court's order on this basis, we do not reach Peterson's additional claims and arguments.

protect her from abuse by her foster parents and (2) DSHS negligently investigated the initial allegations of abuse under RCW 26.44.050 which resulted in TP's placement into foster care.

In its supplemental briefing addressing the effect of *H.B.H.*, DSHS concedes[2] "that the Supreme Court's recognition of a common law special relationship duty between foster children and [DSHS] requires remand of some of the issues in this appeal for further proceedings regarding application of that duty to the facts in this case." Supp. Br. of Resp. at 2. Thus, DSHS requests that we remand this case for the superior court to address the claims asserted by Peterson that fall within the common law duty announced in *H.B.H.*

We review a superior court's order granting summary judgment de novo. *Beggs v. Dep't of Soc. & Health Servs.*, 171 Wn.2d 69, 75, 247 P.3d 421 (2011). "We review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *McCarthy v. Clark County*, 193 Wn. App. 314, 328, 376 P.3d 1127 (2016). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

Our Supreme Court in *H.B.H.* held that "[u]nder well-established common law tort principles, DSHS owes a duty of reasonable care to protect foster children from abuse at the hands of their foster parents." 192 Wn.2d at 159. The court further explained that

> [i]n addition to its initial duty to investigate foster homes for licensing purposes, DSHS has a continuing duty to investigate allegations of abuse and to monitor the dependent child in the foster home. *See* RCW 74.13.031(3) ("[t]he department shall investigate complaints of any recent act or failure to act on the part of a parent or caretaker"), (6) ("The department shall monitor placements of children in out-of-

---

[2] DSHS claims that the special relationship duty under *H.B.H.* does not extend to protect TP from a dog bite she claimed she received while in foster care. Because we remand, we do not address this issue further.

home care and in-home dependencies to assure the safety, well-being, and quality of care being provided is within the scope of the intent of the legislature as defined in RCW 74.13.010 and 74.15.010.").

*H.B.H.,* 192 Wn.2d at 166-67 (alternations in original).

Here, the superior court adopted DSHS's reasoning that "Washington does not recognize a [common law] cause of action for either negligent foster home licensing or for negligent foster home placement." Clerk's Papers (CP) at 982. DSHS now concedes that this duty applies in this case. Because DSHS owes a common law duty of care to TP to protect her from abuse by the foster parents under *H.B.H.*, we hold that the superior court erred in granting partial summary judgment dismissing Peterson's negligence claims. Thus, we reverse the superior court's order granting partial summary judgment and dismissal of the common law negligence claims and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

WORSWICK, J.